Filed 6/16/26  Jose v. Expitrans CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MARIA JOSE,<br><br>　　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>EXPITRANS, INC. et al.,<br><br>　　　Defendants and Respondents. | G065352<br><br>(Super. Ct. No. 30-2021-01226116)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nathan Scott, Judge. Affirmed.

W Employment Law and Jacob N. Whitehead for Plaintiff and Appellant.

Joseph Sarnowski for Defendants and Respondents.

\*　　　\*　　　\*

Plaintiff Maria Jose sued her former employer, Expitrans Inc., for various alleged violations of the Labor Code and related regulations, including failure to provide legally compliant rest periods. Although Expitrans admitted that its written policy regarding rest breaks was unlawful because it required employees to stay on the premises when taking their rest break, it argued there were no actual violations because the policy was never implemented. A jury agreed with Expitrans.

We conclude substantial evidence supports the judgment. Although Expitrans' written policy was technically unlawful, the evidence was unequivocal that the unlawful portion of the written policy was not implemented—in fact, the CEO was not even aware of it (and, ironically, it was written by Ms. Jose in her capacity as human resources manager). Moreover, there was evidence that employees did leave the premises during rest breaks, and they were not required to clock out. Accordingly, we affirm.

FACTS

Expitrans is a credit card processing company who employs about 40 people. Ms. Jose was hired by Expitrans in May 2015 as a payroll and human resources manager. Her supervisor was Scott Vickers, the owner and president of Expitrans.

While there, Ms. Jose drafted the rest break policy and the time clock policy at issue in this appeal by looking on the internet for examples of policies and tailoring those to the specifications of Vickers. According to Ms. Jose, the rest break policy and time clock policy were approved by Vickers. The Time Clock Policy stated, among other things, "1. All Employees are required to clock in prior to their assigned start time, and must clock out when they go off duty for the day and during lunch breaks. [¶] 2. All Employees are required to clock out any time they leave the work site for any

2

reason other than assigned work duties." The time clock policy also stated, "[Employees] should not clock out for the two designated and paid break times of **15 minutes** each." The Rest Break and Meal Break Policy stated, "A rest break is paid time when employees are relieved of all work duties and responsibilities, *although he/she must remain on the facility premises*." (Italics added.)

The testimony at trial was that the requirement that employees stay on the premises for rest breaks was not implemented. When asked on the stand, Ms. Jose stated she did not know whether or not she was permitted to leave the premises during her rest breaks. Vickers testified that he never attempted to stop Ms. Jose from leaving the premises during her rest break, no one at the company was authorized to do so, and he never compelled anyone at Expitrans to stay on premises during their rest break. When Vickers was asked about the language in the Rest Break Policy that required employees to stay on the premises, he replied, "I never saw that line before this, and it was not a policy that was followed, or was ever required." He later reiterated that the written policy was not the actual practiced policy of the company because he never prohibited an employee from leaving during a rest break. And he testified that the written policy does not apply to his company. He also testified that employees were not required to clock out every time they left the office. Employees were welcome to leave the premises during their break. "[T]here was never a policy in place that didn't allow rest breaks."

A senior sales manager at Expitrans testified he would sometimes take a break and go grab coffee at a gas station with other employees.

Ms. Jose's employment was terminated in late 2019.

3

In October 2021, she filed the underlying lawsuit, stating 13 employment-related causes of action, including various sex discrimination claims, failure to pay meal and rest breaks, and failure to pay all wages due at termination. The claims that were ultimately submitted to the jury were failure to provide rest and meal breaks, failure to reimburse expenses, and failure to pay wages due at termination. The jury returned a complete defense verdict, and judgment was entered in favor of Expitrans.[1] Afterward, Ms. Jose filed a motion for judgment notwithstanding the verdict and for a new trial based on Expitrans' unlawful written rest break policy, which the court denied, finding substantial evidence supported the verdict. Ms. Jose timely appealed.

## DISCUSSION

Ms. Jose's sole contention on appeal is that Expitrans is liable to her for rest break violations as a matter of law due to its admittedly unlawful written rest break policy. She contends it does not matter that Expitrans did not enforce the policy; its very existence was a sufficient deterrent to employees taking a lawful rest break to trigger Expitrans' liability. We disagree.

Our standard of review in an appeal from either a jury verdict or the denial of a motion for judgment notwithstanding the verdict is the same: substantial evidence. (*McDoniel v. Kavry Management, LLC* (2025) 114 Cal.App.5th 949, 965 [jury verdict]; *Dell'Oca v. Bank of New York Trust Co., N.A.* (2008) 159 Cal.App.4th 531, 554-555 [JNOV].) Under that standard, we

---

[1] The complaint also named various entities related to Expitrans as defendants. However, the jury found those related entities were not joint employers with Expitrans, and thus judgment was entered in their favor as well.

4

inquire whether, after resolving all factual conflicts and reasonable inferences in favor of the prevailing party, there is an adequate factual basis to support the verdict. (*McDoniel* at p. 965.)

Under Wage Order No. 4 of the Industrial Welfare Commission, subdivision 12, an employee is entitled to a paid 10-minute rest break for every four hours worked (or major fraction thereof). During that rest break, the employer cannot exercise any control over the activities of the employee. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 260 (*Augustus*).) In *Augustus*, for example, security guards were required to remain on call during their rest breaks, and the court held this violated their right to a duty-free rest break. (*Id.* at p. 269.) Although Expitrans' written policy did not go that far—it required employees to stay on premises but not on duty—Expitrans does not defend the legality of that policy, and we will accept for purposes of this appeal that it violates Wage Order 4.

It is equally established, however, that Expitrans' written policy was never put into practice. Vickers testified that it was never enforced—he did not even know about it. There was evidence that employees actually took rest breaks off premises. And even Ms. Jose, who drafted the policy, could not remember on the stand whether it prevented employees from leaving the premises. Ms. Jose does not contest this evidence on appeal, and thus we accept for purposes of this appeal that the unlawful aspect of the written policy was never implemented.

The question, therefore, is whether an unlawful, but never implemented, written rest break policy creates liability as a matter of law. We conclude it does not.

The purpose of the rest break laws are to ensure that employees actually receive a rest break. (*Augustus, supra,* 2 Cal.5th at p. 268 ["the

[Industrial Welfare Commission's] purpose 'was to insure that the employee *would be free from work* for ten minutes. . . .'"].) Their purpose is not to serve as a form of written exam for employers to pass. Where the evidence shows that an employer's actual practice complied with all rest-break laws, it is of no moment that a piece of paper contains a description of an unlawful policy at odds with the actual policy. Liability arises from actually denying employees the full scope of their rest break.

An important basis for our conclusion is the absence of critical categories of evidence in this case. Of those, the most glaring absence was the absence of any testimony from plaintiff that she ever took her rest break on the premises because she was aware of the policy that she could not leave. To the contrary, she testified she did not know what the policy said in that regard. Also absent was any evidence from other employees that they were aware of the unlawful policy and it affected their choice of where to spend their rest break. To the contrary, the only other employee to testify recounted that he and other employees would sometimes get coffee at a local gas station during breaks.

Due to these omissions, we reject Ms. Jose's argument that the very existence of an unlawful written policy serves as a deterrent to employees, which creates liability for the employer as a matter of law. There must be at least some evidence to suggest that the unlawful policy actually affected employees in some way. Where, as here, the evidence uniformly shows that an unlawful written policy was never actually implemented, the employer does not incur liability for it.

In arguing otherwise, Ms. Jose relies on language from certain cases, but none of the cases she cites considered a situation where a technically unlawful policy was written but never actually implemented.

6

For example, she cites *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, where the court, in reversing an order denying class certification, stated, "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—it has violated the wage order and is liable. No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it." (*Id.* at p. 1033.) Based on this statement, Ms. Jose concludes that Expitrans is liable as a matter of law. However, the policy described by the *Brinker* court was actually implemented by the employer in that case. The only question was whether the individual class member employees could have waived their rest break, thus defeating class commonality. The present case is obviously not a class action. More importantly, the policy Expitrans *actually* "authorized and permitted" was lawful. (*Ibid.*)

For similar reasons, we are not persuaded by Ms. Jose's citation to *Faulkinbury v. Boyd& Associates, Inc.* (2013) 216 Cal.App.4th 220 (disapproved on other grounds in *Noel v. Thrifty Payless, Inc.* (2019) 7 Cal.5th 955, 986). There, the court had denied a motion for class certification where a class of employee security guards were subject to their employer's policy that they had to remain on duty during their rest breaks. This policy was actually implemented. (*Id.* at p. 225.) In reversing the order, the court emphasized that an unlawful rest break policy is a proper basis for class certification. (*Id.* at p. 236.) Against this backdrop, the court stated, "[The employer's] liability, if any, would arise upon a finding that its uniform rest break policy, or lack of

7

policy, was unlawful." (*Id.* at p. 237.) But once again, *Faulkinbury* involved an unlawful rest break policy that was actually implemented.

We also reject Ms. Jose's argument that employees were compelled to comply with the unlawful rest break policy due to the way the Time Clock Policy was written. She seems to be arguing that the Time Clock Policy required employees to clock out when they left the premises, so, perforce, if they were to take a rest break off premises, it would not be paid. The premise of her argument is the statement in the policy, "All Employees are required to clock out any time they leave the work site for any reason other than assigned work duties." However, Ms. Jose's argument ignores that the same policy, just a little further down the same page, states, "[Employees] should not clock out for the two designated and paid break times of **15 minutes** each." There is no way to reasonably interpret this document as requiring employees to clock out for their rest breaks.

Accordingly, we conclude substantial evidence supports the jury's verdict that Expitrans did not violate Ms. Jose's right to a rest break.

## DISPOSITION

The judgment is affirmed. Expitrans shall recover its costs incurred on appeal.

SANCHEZ, ACTING P. J.

WE CONCUR:

GOODING, J.

SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9